**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ELISHA JACKSON and
SHAWN O'HARA**                                                                          **PLAINTIFFS**

**V.**                                                **CIVIL ACTION NO. 2:16-CV-181-KS-MTP**

**FORREST COUNTY, MISSISSIPPI,
C/O JIMMY HAVARD, CLERK, and
DAWN BEAM (former) FORREST COUNTY,
MISSISSIPPI CHANCERY COURT JUDGE**                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Remand [14] filed by Plaintiffs Elisha Jackson and Shawn O'Hara, the Motion to Dismiss [4] filed by Defendant Justice Dawn Beam, and the Motion for Judgment on the Pleadings ("Motion for Judgment") [8] filed by Defendant Forrest County, Mississippi. After considering the submissions of the parties, the record, and the applicable law, the Court finds that the Motion to Remand [14] is not well taken and should be denied. The Court further finds that the Motion to Dismiss [4] and the Motion for Judgment [8] are well taken and should be granted.

**I.  BACKGROUND**

Pro se Plaintiffs Elisha Jackson ("Jackson") and Shawn O'Hara ("O'Hara") (collectively "Plaintiffs") filed this action against Defendants Justice Dawn Beam ("Justice Beam") and Forrest County, Mississippi (the "County"), in the Circuit Court of Forrest County, Mississippi, on May 27, 2016. In their Complaint [1-2], Plaintiffs bring claims under 42 U.S.C. § 1983 for certain violations of their constitutional rights. Plaintiffs allege that Justice Beam, then serving as Chancery Court judge for the County, had Jackson wrongfully arrested and imprisoned. Because of this false arrest

and imprisonment, O'Hara allegedly lost the opportunity to write a book and produce a motion picture about Jackson.

On September 20, 2016, the County attempted to remove this action to this Court pursuant to the Court's federal question jurisdiction under 28 U.S.C. § 1331. The County mistakenly believed that it had yet to be properly served and that the time to remove had not expired. *See Jackson et al. v. Forrest County, Miss. et al.*, Civil Action No. 2:16-CV-146-KS-MTP, at Dkt. No. 1.) After realizing its mistake and that its removal had been untimely, the County confessed Plaintiffs' motion to remand, and the Court remanded the case back to the Circuit Court of Forrest County. (*See id.* at Dkt. No. 10.) Justice Beam was served with process on September 23, 2016. (*See* State Court Documents. [1-4] at p. 4.) On October 19, 2016, Justice Beam removed the action to this Court. The County joined in her removal on October 20, 2016.

## II.  MOTION TO REMAND [14]

Plaintiffs do not challenge the Court's subject matter jurisdiction to adjudicate this matter. Rather, they challenge only the procedure by which Justice Beam removed the action, contending that, because it had already been removed once and remanded, she had no right to remove without first filing a motion for reconsideration of the previous motion to remand or filing an appeal with the Fifth Circuit. Plaintiffs' argument is wrong for multiple reasons. First, it ignores the clear language of 28 U.S.C. § 1446 (b)(2)(B), which states that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." Justice Beam therefore had thirty days after being served with process to file for removal, and she timely filed her notice within this time frame.

Plaintiffs are also mistaken in their belief that a motion for reconsideration could have been filed because the case was pending before the state court when Justice Beam was served, and the

state court could not reconsider a remand order issued by this Court. An appeal to the Fifth Circuit of the remand order was also impossible, because 28 U.S.C. § 1447(d) makes an order remanding an action to state court not reviewable on appeal, barring circumstances not applicable here.

Therefore, because Justice Beam's removal was timely filed and not procedurally deficient, remand is not warranted, and Plaintiffs' Motion to Remand [14] will be **denied**.

### III.  MOTION TO DISMISS [4] AND MOTION FOR JUDGMENT [8]

#### A.  Standard of Review

Justice Beam's Motion to Dismiss [4] is brought under Federal Rule of Civil Procedure 12(b)(6), while the County's Motion for Judgment [8] is brought under Federal Rule of Civil Procedure 12(c). "The same standard of dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 38 F.3d 503, 529 (5th Cir. 2004).

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans*

*Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

### B.     Justice Beam's Motion to Dismiss [4]

Justice Beam argues that the case against her must be dismissed as she is entitled to judicial immunity.  "Judicial immunity is an immunity from suit . . . [and] is not overcome by allegations of bad faith or malice and applies even when the judge is accused of acting maliciously and corruptly."  *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L.Ed.2d 9 (1991)) (internal quotations and emphasis omitted).  There are two exceptions to this immunity:  (1) when the judge's actions are taken outside of her judicial capacity (2) when they are "taken in the complete absence of all jurisdiction."  *Id.*

#### 1.     Within Judicial Capacity

To determine whether Justice Beam acted within her judicial capacity, the Court considers the following factors, which are "broadly construed in favor of immunity":

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard*, 413 F.3d at 515 (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1135 (5th Cir. 1993)).  In this case, Plaintiffs claim that Justice beam used her authority to falsely arrest and imprison Jackson. The order issued by Justice Beam, in her then capacity as Chancellor, was an ex parte contempt order authorizing the seizure of Elijah Jackson, for whom Jackson was mistaken, and to hold him in jail until he could "be returned before the Court to answer for his contempt."  (*See* State Court

Order [4-2].)[1]  Such an order is a normal judicial function and was issued by the judge after a hearing during which Elijah Jackson failed to appear.  It was issued in connection with a case that was pending before Justice Beam at the time.  Nothing about the order suggests that it was not issued within her judicial capacity as Chancellor.  Judicial immunity will therefore not be denied under this exception.

### 2. Absence of Jurisdiction

There is no allegation made by Plaintiffs, either in their Complaint [1-2] or in their Responses [11][13], that Justice Beam did not have the jurisdiction to issue the orders which led to Jackson's arrest and imprisonment.  Even if such an allegation had been made, though, it would be baseless, as the contempt order issued by Justice Beam in her capacity as Chancellor was within the authority of the Mississippi Chancery Courts.  *See* Miss. Code Ann. § 9-5-87.  Judicial immunity shall not be denied, then, under this exception.

Therefore, because the Court finds that no exception applies, judicial immunity is a complete bar to Plaintiffs' suit against Justice Beam.  Her Motion to Dismiss [4] will be **granted**, and the claims against her will be **dismissed with prejudice**.

### C. The County's Motion for Judgment [8]

The County argues that it is entitled to judgment on the pleadings because it can not be held accountable for Justice Beam's actions. The Court would first note that most of the claims Plaintiffs bring are claims for violations of Jackson's constitutional rights under 42 U.S.C. § 1983.  Because a § 1983 "must be based upon the violation of [a] plaintiff's personal rights, and not the rights of

---

[1] The Court may take judicial note of this document and consider it in a Rule 12(b)(6) analysis because it is in the public record.  *See R2 Investments LDC v. Phillips*, 401 F.3d 638, 639 n.2 (5th Cir. 2005) (*citing Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

someone else," O'Hara has no standing to bring any claim against the County based on the violation of Jackson's rights. As such, the County's Motion for Judgment [8] must be **granted** with respect to these claims. However, because standing is a jurisdictional issue, they will be **dismissed without prejudice**. O'Hara does bring a § 1983 claim for the violation of his personal First Amendment right to free speech, which is analyzed with Jackson's claims below.

For the County to be liable for the remaining § 1983 claims, "its official policies or customs [must] violate the Constitution." *De Angelis v. City of El Paso*, 265 F.App'x 390, 393 (5th Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)). A municipality is not liable under a *respondeat superior* theory, but must be the "moving force" of the constitutional violations "through deliberate conduct" in order to face liability under § 1983. *Id.* at 393-94 (citing *Bryan Cnty. v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997)). This holds for any unit of local government. *See Monell*, 436 U.S. at 690, 98 S. Ct. at 2035. In order for Plaintiffs to prevail on their claims, they "must prove three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom." *Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)) (internal quotations omitted).

Nothing in the Complaint [1-2] alleges any policy or custom by the County was the "moving force" behind the alleged constitutional violations. The only named official in the Complaint [1-2] whose actions allegedly contributed to the constitutional violations is Justice Beam. However, "[a] local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable to the county." *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995) (per curiam). Because there is no basis in the Complaint [1-2] for the County's liability, the Motion for

Judgment [8] must be **granted** with respect Plaintiffs remaining claims against the County, and these claims will be **dismissed with prejudice**.

### IV.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' Motion to Remand [14] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Justice Beam's Motion to Dismiss [4] is **granted**.  Plaintiffs' claims against her are **dismissed with prejudice**.

IT IS FURTHER ORDERED AND ADJUDGED that the County's Motion for Judgment [8] is **granted**.  Jackson's claims against the County are **dismissed with prejudice**.  O'Hara's First Amendment claim against the County is **dismissed with prejudice** and his claims based on violations of Jackson's rights are **dismissed without prejudice**.

SO ORDERED AND ADJUDGED, on this, the ___14th___ day of December, 2016.

    s/Keith Starrett
    KEITH STARRETT
    UNITED STATES DISTRICT JUDGE