**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

ELISHA JACKSON and
SHAWN O'HARA                                                                                    **PLAINTIFFS**

V.                                                                    CIVIL ACTION NO. 2:16-CV-181-KS-MTP

FORREST COUNTY, MISSISSIPPI,
C/O JIMMY HAVARD, CLERK, and
DAWN BEAM (former) FORREST COUNTY,
MISSISSIPPI CHANCERY COURT JUDGE                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Reconsideration [26] filed by Plaintiff Shawn O'Hara, the Motion to Vacate Order [27] by Plaintiff Shawn O'Hara, and the Motion to Vacate Order [28] by Plaintiff Elisha Jackson.  Having considered the submissions of the parties, the record, and the applicable law, the Court finds that these motions are not well taken and should be denied.

## I.  BACKGROUND

Pro se Plaintiffs Elisha Jackson ("Jackson") and Shawn O'Hara ("O'Hara") (collectively "Plaintiffs") filed this action against Defendants Justice Dawn Beam ("Justice Beam") and Forrest County, Mississippi (the "County"), in the Circuit Court of Forrest County, Mississippi, on May 27, 2016.  In their Complaint [1-2], Plaintiffs bring claims under 42 U.S.C. § 1983 for certain violations of their constitutional rights.  Plaintiffs allege that Justice Beam, then serving as Chancery Court judge for the County, had Jackson wrongfully arrested and imprisoned.  Because of this false arrest and imprisonment, O'Hara allegedly lost the opportunity to write a book and produce a motion picture about Jackson.

1

On December 14, 2016, the Court dismissed Plaintiffs' claims, finding that the claims against Justice Beam were barred by judicial immunity and that Plaintiffs failed to state a claim against the County upon which relief could be granted.  (*See* Order [24].)  Plaintiffs now bring their Motion for Reconsideration [26] and Motions to Vacate Order [27][28].

## II.  DISCUSSION

 "A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).  The current motions were filed within this twenty-eight day time period.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).  There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."  *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 681 F.Supp.2d 766, 767 (N.D. Miss. 2008).  Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party."  *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009).  Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly."  *Id*.  Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court.  *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Plaintiffs maintain that the Court should reconsider its previous Order [24] for two reasons.

First, they argue that O'Hara never received the Reply [21] filed by the County in connection with the County's Motion for Judgment on the Pleadings [8].[1]  As this involves no change in the intervening law, new evidence, or clear error of law, the Court assumes that Plaintiffs are arguing that it must reconsider its order to prevent a manifest injustice.  However, even if O'Hara never received this reply, there is no injustice or thwarting of due process because O'Hara would not have been allowed to file a sur-response.[2]  The Court therefore does not find that there has been manifest injustice due to O'Hara allegedly not receiving this reply or any other document, and it will not reconsider its previous order based on this argument.

Second, Plaintiffs argue that the undersigned judge should have recused himself in the matter because he is acquainted with Justice Beam, a prominent member of the Mississippi legal community.  The argument that the undersigned should have recused himself is an argument that should have properly been raised prior to the entry of judgment, and it will not be considered now. *See Templet*, 367 F.3d at 478 (Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). As such, Plaintiffs' motions will not be granted on this argument either.

For the above reasons, the Motion for Reconsideration [26] and the Motions to Vacate Order [27][28] will be **denied**.

---

[1]The Court assumes this is the "legal information" O'Hara argues he never received, as he never specifies in his motion or reply what he is referring to.  However, judging by the date of the delivery slip, the Court can assume that he is referring to this reply.  It is further unclear whether the failure to receive this information is due to an error on the County's part or if it was because O'Hara was not home to receive service of the document.  (*See* Deliver Slip [26-2].)

[2]If the "legal information" O'Hara is referring to is some other document filed by the County or Justice Beam, the Court would note that he has responded to every filing for which a response was allowed under the local rules.

## III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Reconsideration [26] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Vacate Order [27] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Vacate Order [28] is **denied**.

SO ORDERED AND ADJUDGED, on this, the ___20th___ day of January, 2017.

___s/Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE